IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ADEBISI T. ADIGUN,

    Petitioner,

v.                                        Civil Action No. 1:14cv210
                                        (Judge Keeley)

R.A. PERDUE, Warden of FCI Gilmore[1],

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 25, 2014, Petitioner, Adebisi T. Adigun, filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Western District of Virginia together with the $5.00 filing fee. Because Petitioner was incarcerated in FCI Gilmer, the case was transferred to this Court on December 3, 2015. On that same date, the Clerk of Court sent Petitioner a Notice of Deficient Pleading advising him that he had twenty-one (21) days to file his petition on this Court's approved form. On January 6, 2015, because Petitioner had failed to comply with the Notice of Deficient Pleading, he was sent a Show Cause Order. On January 20, 2015, Petitioner filed his court-approved form with a Motion for Leave to File out of Time, which was granted on January 22, 2015. Accordingly, this case is before the undersigned for a preliminary review and report and

---

[1]The petitioner names four respondents in his petition, However, in a § 2241 habeas corpus case, the only proper party respondent is the Warden of the institution in which the petitioner is incarcerated. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

recommendation pursuant to LR PL P 2.

## II. **PETITION**

Petitioner, a federal inmate housed at FCI Gilmore, alleges that he has been housed in the Special Housing Unit ("SHU") for an unlawful and unjustified indefinite period. More specifically, Petitioner alleges that he is being housed in the SHU without cause or justification or for any violation of the Regulations or Rules of the Bureau of Prisons. Petitioner complains that his detention in the SHU deprives him of all benefits enjoyed by inmates in the general population, including religious services, education and educational material, adequate law library time, and use of email, phone and commissary privileges. For relief, Petitioner seeks an Order for his immediate release from the SHU and for the BOP to provide him with a descriptive narrative of the offenses the institution claims he violated and which warrant his extensive, lengthy, if not indefinite confinement in the SHU.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254.) As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S.

89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. Analysis

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him, involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.")

Here, Petitioner complains about the conditions of his confinement. Specifically, his claim

relates to where and how he is being housed within the Bureau of Prisons. This claim is not an attack on, nor is it related in any way to, the execution of his sentence. Thus, it is clear that Petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the Petition should be denied and dismissed from the Court's active docket.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this § 2241 action be **DENIED and DISMISSED** without prejudice to Petitioner's right to file his claims as a civil rights action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985)  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on

the docket sheet.

Dated: May 26, 2015.

                                           /s Robert W. Trumble
                                           ROBERT W. TRUMBLE
                                           UNITED STATES MAGISTRATE JUDGE